UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
--------------------------------------------------
In re

    WALTER L. JOHNSON d/b/a Geneva's Automotive    08-14477 B

                                       Debtor                    <u>DECISION & ORDER</u>
--------------------------------------------------

                        John Vincent Heffron, Esq,
                        Assistant Corporation Counsel
                        1100 City Hall
                        Buffalo, New York 14202
                        Counsel for the City of Buffalo

                        Law Offices of Peter D. Grubea
                        482 Delaware Avenue
                        Buffalo, New York 14202
                        Attorneys for the Debtor Walter L. Johnson

Bucki, Chief U.S.B.J., W.D.N.Y.

       In this Chapter 13 case, Walter Johnson seeks confirmation of a plan that would modify the tax liens of the City of Buffalo with respect to real property that he acquired only ten days prior to the filing of his bankruptcy petition. The city now challenges confirmation on grounds that the debtor is unable to satisfy the good faith requirements of 11 U.S.C. § 1325(a)(3) and (7).

       The background of the present controversy begins with the prior owner of commercial real estate at 1985 Genesee Street in the City of Buffalo, New York. Roger Dulski acquired this property on November 20, 2000, at a time when he was himself a debtor under Chapter 13 of the Bankruptcy Code. Due to a failure to remit plan payments to the Chapter 13 trustee, this bankruptcy case was dismissed by order dated December 30, 2002. Then, on October 7, 2005, Roger Dulski and his wife filed another petition for relief under Chapter 13. Less than three weeks later, however, the New York State Department of Taxation and Finance moved to dismiss the case as an abusive attempt to avoid payment of sales and withholding taxes. The court granted this motion, and the case was dismissed on December 13, 2005.

       For almost eight years after his purchase of 1985 Genesee Street, Roger Dulski neglected to pay the real estate taxes, user fees, water bills and sewer charges attributable to that property. Consequently, by the fall of 2008, the City of Buffalo, its Sewer Authority, and its Division of Water

held outstanding secured claims totaling in excess of $70,000.  Facing the possibility of a tax foreclosure, Roger Dulski conveyed the property at 1985 Genesee Street to Walter Johnson, a tenant of that building, for a consideration of "one dollar and no more."  Ten days later, Mr. Johnson filed the present petition for relief under Chapter 13.

Walter Johnson proposes a plan that would distribute $32,000 in full satisfaction of all liens against his real property at 1985 Genesee Street.  To enable this proposal, Johnson also filed a motion to value 1985 Genesee Street at $32,000, and to avoid liens to the extent that they exceed the value of the property.  If the court were to grant the motion as requested, the debtor's property would secure a debt of $30,524.53 to the City of Buffalo and a lesser amount for taxes owed to the County of Erie.  The debtor's plan would then treat judgment liens and the balance of tax claims as unsecured obligations that would receive a distribution of five percent.  The City of Buffalo has filed written objection both to the debtor's lien avoidance motion and to confirmation of the Chapter 13 Plan.  Further, pursuant to 11 U.S.C. § 362(d), the City seeks relief from the automatic stay and permission to begin tax foreclosure proceedings.

The debtor uses the property at 1985 Genesee Street as an automobile repair shop.  He contends that pursuant to section 506(a) and section 1322(b)(3) of the Bankruptcy Code, a plan may modify the rights of creditors secured by such non-residential property, to the effect of reducing secured claims to the value of the collateral.  The City of Buffalo presents two responses.  First, it requests an opportunity to submit appraisals showing a higher property value, so that a greater portion of its claim might be treated as secured.  Second, the city argues that the debtor is unable to establish the level of good faith needed to satisfy the requirements for confirmation under 11 U.S.C. § 1325.  Because this second response will resolve the present dispute, we need not here consider further evidence of valuation.

Section 1325(a) of the Bankruptcy Code states nine requirements for confirmation of a plan in Chapter 13.  The third and seventh of these requirements have particular relevance to the present dispute:

> (a) Except as provided in subsection (b), the court shall confirm a plan if – . . . . (3) the plan has been proposed in good faith and not by any means forbidden by law; . . . . (7) the action of the debtor in filing the petition was in good faith.

The present facts do not necessarily indicate a lack of good faith with respect to the proposal of a plan, as needed to comply with section 1325(a)(3). No matter how ambitious or even aggressive in its assertion of rights, a plan is generally proposed in good faith when it seeks nothing more that what the law would allow. *See In re Cavaliere*, 238 B.R. 247 (Bankr. W.D.N.Y. 1999). Rather, the outcome of the current dispute is more appropriately determined, with reference to 11 U.S.C. § 1325(a)(7), by the lack of good faith in the act of filing the debtor's bankruptcy petition.

On schedules filed with his bankruptcy petition, Walter Johnson lists one creditor holding a priority claim in the amount of $9,000; eleven creditors holding unsecured non-priority claims totaling $31,990.06; and five creditors holding secured claims totaling $137,527.31. Representing three-quarters of all scheduled debt, the secured claims relate exclusively to the real property at 1985 Genesee Street and arose prior to the debtor's acquisition of title. Further, these secured claims involve obligations for which Mr. Johnson has no personal liability. Meanwhile, the schedules list assets having values totaling $44,850, of which $32,000 represents the value assigned for 1985 Genesee Street. Consequently, more than seventy percent of scheduled assets were those that the debtor acquired only ten days prior to the filing of his bankruptcy petition. By reason of this acquisition of title, Johnson increased the amount of scheduled debt more than three fold, but with obligations for which he has no personal responsibility.

Rules of construction for the Bankruptcy Code are stated in section 102 of that statute. Subpart (2) of this section states that "'claim against the debtor' includes claim against property of the debtor." Here, claims against the debtor's newly acquired property represent more than 75% of all claims against the debtor. By so dominating the debtor's financial problems, the claims involving 1985 Genesee Street will effectively determine whether Walter Johnson will have filed the plan in good faith.

Good faith requires a sound and proper motive for seeking the protection of Chapter 13. For example, a debtor may appropriately use Chapter 13 as a means to resolve financial problems arising from calamity or caused by the debtor's own oversight or error.  In contrast, the present petition seeks not to address personal liabilities of the debtor, but to resolve long-standing obligations of a prior owner of real property.  Having previously failed to resolve those claims through his own bankruptcy, Roger Dulski conveyed 1985 Genesee Street to Walter Johnson for virtually no consideration.  Essentially, therefore, the present bankruptcy attempts to resolve problems that are not of Johnson's making, but which were transferred to Johnson for the purpose of compromising the rights of another person's creditors.  Moreover, Johnson took ownership of the property only ten days prior to his bankruptcy filing.  If Johnson had worked over an extended period of time to resolve tax problems related to a previously acquired parcel of property, then perhaps he might now argue his good faith in seeking a solution through bankruptcy.  But a bankruptcy petition is not filed in good faith when its primary purpose is to resolve financial problems that the debtor assumed so shortly prior to the order for bankruptcy relief.  Consequently, Johnson filed his petition without the necessary degree of good faith to satisfy the requirements for plan confirmation.

Chapter 13 is a powerful tool to resolve difficult and persistent financial problems.  It is not an opportunity to "load up" with additional liabilities or to acquire problem assets, all for the purpose of impairing the rights of creditors to whom the debtor has no personal obligation. Having filed his petition without the requisite level of good faith, the debtor herein is unable to confirm his proposed plan.  Accordingly, the objection of the City of Buffalo to plan confirmation is sustained.  Because it seeks relief that is contingent on plan confirmation, the motion to avoid liens is denied.  Also, because the proposed plan can offer no resolution for outstanding tax liabilities, the motion of the City of Buffalo for stay relief is granted.

So ordered.

Dated:      Buffalo, New York            /S/          CARL L. BUCKI
            April 21, 2010               Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.